BLUE, Chief Judge.
Matthew Fernandez and his mother, Cheryl Fernandez, appeal a final judgment in their negligence lawsuit against the Hillsborough County School Board. They argue that the trial court erred by refusing to strike a veniremember for cause and by setting off against the verdict a settlement from the City of Tampa. We affirm in part and reverse in part.
As to the jury selection, the Fer-nandezes argue that the trial court erred by refusing to strike for cause a venire-member who worked for the Hillsborough County Public Library. They argue that it was possible the assistant librarian was actually employed by the defendant in this case, the Hillsborough County School Board. We conclude that this issue was *194 properly preserved, but the trial court did not err. While a cause challenge is properly brought against a veniremember who works for a party in the case, see Fla. R. Civ. P. 1.431(c)(1), nothing from voir dire indicated that the veniremember was employed by the School Board and nothing indicated that the County’s public library system was under the School Board’s control. Accordingly, we affirm on this issue.
The Fernandezes next argue that the trial court erred by setting off against the verdict a settlement they received from the City of Tampa. The School Board concedes that the set-off would be inappropriate if a directed verdict was entered in the City’s favor. See Gouty v. Schnepel, 795 So.2d 959 (Fla.2001). We find sufficient record evidence showing that the directed verdict was entered. Accordingly, we reverse and remand for the trial court to enter a final judgment without the set-off.
Affirmed in part, reversed in part, and remanded.
SALCINES and STRINGER, JJ„ Concur.